IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ASHLEY PAIGE WHITE; MICHELE WHITE; BILL WHITE; the CONJUGAL PARTNERSHIP constituted between Michele White and Bill White<br><br>*Plaintiffs*<br><br>vs.<br><br>SUNNOVA ENERGY CORPORTATION; "JOHN DOE 1" to "JOHN DOE 50"; "JOHN DOE 51" to "JOHN DOE 100"<br><br>*Defendants* | CIVIL NO. : 3:18-cv-1068 (ADC)<br><br>PRODUCT LIABILITY, TORT, NEGLIGENCE<br><br>TRIAL BY JURY REQUESTED |

### SUR-REPLY TO "DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISSED" FILED AT DOCKET 25

**TO THE HONORABLE COURT**

**COME NOW** plaintiffs, **Ashley White**, **Michele White**, **Bill White** and the **Conjugal Partnership** constituted between **Michele White** and **Bill White** (hereinafter collectively referred to as ("Plaintiffs") , through the undersigned attorney, and very respectfully **STATE**, **ALLEGE** and **PRAY**:

1. Sunnova Energy Corporation (hereinafter referred to as "Defendant" or "Sunnova") has filed a "*Reply to Opposition to Motion to Dismiss filed at Docket 21*" (Docket 25) (hereinafter "Reply").

2. At the outset, it must be noted that Defendant does not contest the facts set forth by Plaintiffs in their "*Opposition to Defendant's Motion to Dismiss the Complaint for Failure to Join Indispensable Party Pursuant to Rule 19*" (Docket 21) (hereinafter "Oposition").

1

3.      The only clarification that Defendant attempts to make is that it "becomes owner only after the Solar System is installed and certified as complete/compliant". (See, note 1 to the Reply.) No evidence is presented to establish this contention. As result, no weigh should be given to the same. Be that as it may, said unsupported contention does not contest the following well established facts: Sunnova owned the Solar System; Sunnova's obligation under the Contract was to install the Solar System and sell to PREPA the energy generated by the same; Sunnova reviewed the final design and certifications of the Solar System to ensure that it met Sunnova's quality standards; Sunnova reviewed the final design and certifications of the Solar System to ensure that it met Sunnova's quality standards; Sunnova's in-house engineers reviewed and approved the design of the Solar System before it was built; Sunnova oversaw the construction of the Solar System; Sunnova collaborated with Maximo to ensure that the Solar System was properly installed; and, Sunnova distributed the Solar System.

4.      Contrary to what Defendant argues in the Reply, the causes of action that surface from the aforementioned uncontested facts are causes action against Defendant that emanate from its independent negligence which negligence contributed to causing Plaintiffs' damages. This is precisely what makes Defendant a joint tortfeasor with Maximo Solar Industries, Inc. ("Maximo") and engineer David Roldán ("Roldán"). These are the type of joint tortfeasors that have been held not to be indispensable parties but merely permissive parties. The cases cited in the Opposition demonstrate the variety of situations where the courts have invariably held that that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit and that joint tortfeasors are merely permissive parties under Rule 19, not necessary or indispensable parties. The

jurisdictions where the cases were resolved recognize the doctrine of the right to contribution which was not an impediment to holding that joint tortfeasors are merely permissive parties under Rule 19, not necessary or indispensable parties.

5. Contrary to what Defendant attempts to imply, all cases where contribution from other tortfeasors is sought in a separate action require the party seeking contribution to retry the case to receive contribution. That is why this Honorable Court, after holding that plaintiffs have the right to select the defendants they wish to sue and the forum in which to bring their action and are not compelled to join other tortfeasors, noted that the defendant has the option of joining other non-named tortfeasors as third party defendants pursuant to Fed. R. Civ. P. 14. *Jimenez-Ruiz v. Spirit Airlines, Inc.*, 794 F. Supp. 2d at 353. See, also, *Amieiro v. Charlie Car Rental, Inc.*, 2005 U.S. Dist. LEXIS 37764 at *6 (DPR 2005).

6. Contrary to what Defendant assert, the allegations in this are not more complex that those of other negligence and product liability cases.

7. Additionally, it is evident that Defendant ignores the reach of the doctrine set forth in the case of *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). The very nature of the doctrine of join tortfeasors is that the negligence of each and every join tortfeasor contributes to the wrong. In said case the Supreme Court stated the following, at page 8:

> "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. See *Lawlor v. National Screen Service Corp., 349 U.S. 322, 329-330, 99 L. Ed. 1122, 75 S. Ct. 865 (1955)*; *Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 132, 56 L. Ed. 1009, 32 S. Ct. 641 (1912)*. See also *Nottingham v. General American Communications Corp., 811 F.2d 873, 880* (CA5) *(per curiam)*, cert. denied, *484 U.S. 854, 98 L. Ed. 2d*

3

> *113, 108 S. Ct. 158 (1987)*. Nothing in the 1966 revision of *Rule 19* changed that principle. See *Provident Bank, supra, at 116-117, n.12*. The Advisory Committee Notes to *Rule 19(a)* explicitly state that 'a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability'." 28 U. S. C. App., p. 595."

8. Thus, the distinction that Defendant advances between this case and the *Temple* are totally immaterial to the resolution of the issue in question.

9. Furthermore, Defendant ignores the expansion of the *Temple* doctrine by appellate courts. See the cases cited in the Opposition.

10. Contrary to what Defendant contends in the Reply, the case of *Quilez-Velar v. Ox Bodies, Inc.*, 198 D.P.R. 1079 (2017), does not present an issue similar to the one present in this case.

11. In *Quilez-Velar v. Ox Bodies, Inc.*, 198 D.P.R. 1079 (2017), the issue was whether defendant Ox Bodies had or lacked a right of contribution against the Municipality of San Juan as a result of the statuary limit or cap of the amount that can be recovered from the Municipalities in Puerto Rico. See, also, *Quilez-Velar v. Ox Bodies, Inc.*, 823 F.3d 712, 720-724 (1st Cir. 2016).

12. The question of a statuary limit or cap to the amount that can be recovered by Defendant in an action for contribution is not present in this case. It must be noted that Defendant does explain in the Reply what personal exceptions pertaining to Maximo and/or Roldán it wants to employ with regard to the share of the debt for which it could be liable. Nevertheless, pursuant to *Quilez-Velar v. Ox Bodies, Inc.*, 198 D.P.R. 1079 (2017), if any such exceptions would exist, Defendant could raise them in this case without the presence of Maximo and/or Roldán.

13. Lastly, Defendant's cry that it would end up paying liability of Maximo and/or Roldán and that it would to file separate actions for contribution are the natural effcts of the well establish holdings that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit and that joint tortfeasors are merely permissive parties under Rule 19, not necessary or indispensable parties. Such cry has not prevented the Courts to keep applying said holdings consistently.

**WHEREFORE,** it is respectfully requested from this Honorable Court that it DENY the Motion to Dismiss in its entirety.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 28th day of May, 2018.

**I HEREBY CERTIFY:** That on this date, the foregoing document was electronically filed in this case with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the attorneys of record by operation of the Court's CM/ECF system.

**CARAZO QUETGLAS LAW OFFICES**
**PMB 133**
**Ave. Esmeralda #53, Ste. 2**
**GUAYNABO, PR 00969-4461**
**TEL (787) 707-0588/ FAX (787) 707-0595**
E mail: jorge@jctuayudalegal.com

**s/ JORGE CARAZO-QUETGLAS**
Jorge Carazo-Quetglas
USDC-PR:    201305