**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ASHLEY PAIGE WHITE, et al.<br><br>Plaintiffs<br><br>vs.<br><br>SUNNOVA ENERGY CORP, et al.<br><br>Defendants | **CIVIL NO.** 18-1068 (ADC) |

**ANSWER TO COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** codefendant, **Sunnova Energy Corporation** (hereinafter: Sunnova Energy), through its undersigned attorneys, and very respectfully STATES and PRAYS:

**I. <u>INTRODUCTION</u>**

1.   Averment 1 of the Complaint does not require a response from appearing party inasmuch as it is a general introduction to Plaintiff's causes of actions that does not provide factual allegation. Alternatively, it is denied. It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed or installed the solar panel system here in question.

2.   Averment 2 of the Complaint is denied as drafted. It is affirmatively asserted that there was a solar panel system installed in the residence of Carlos Mauras Díaz. However, it is also affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed or installed the solar panel system here in question.

**II. <u>JURISDICTIONAL PLEADINGS</u>**

3.  Averment 3 of the Complaint is denied for lack of sufficient knowledge and information to form a good faith belief as to its veracity.

4.  Averment 4 of the Complaint is denied for lack of sufficient knowledge and information to form a good faith belief as to its veracity.

5.  Averment 5 of the Complaint is denied for lack of sufficient knowledge and information to form a good faith belief as to its veracity. However, it is affirmatively asserted that Sunnova Energy is a corporation organized by the laws of the state of Texas. It is also affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed or installed the solar panel system here in question.

6.  Averment 6 of the Complaint does not require a response from appearing party since it only refers to plaintiff's demand for a trial by jury.

### III. THE PARTIES

**A.  PLAINTIFFS**

7.  Averment 7 of the Complaint does not require a response from appearing defendant inasmuch as it pertains to Plaintiff's information. Alternatively, it is denied for lack of sufficient information to form a good faith belief as to its veracity.

8.  Averment 8 of the Complaint does not require a response from appearing defendant inasmuch as it pertains to Plaintiff's information. Alternatively, it is denied for lack of sufficient information to form a good faith belief as to its veracity.

9.  Averment 9 of the Complaint does not require a response from appearing defendant inasmuch as it pertains to Plaintiff's information. Alternatively, it is denied for lack of sufficient information to form a good faith belief as to its veracity.

10.  Averment 10 of the Complaint does not require a response from appearing defendant inasmuch as it pertains to Plaintiff's information. Alternatively, it is denied for lack of sufficient information to form a good faith belief as to its veracity.

**B. DEFENDANTS**

11.  Averment 11 of the Complaint accepted.

12.  Averment 12 of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed or installed the solar panel system here in question.

13. Averment 13 of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed or installed the solar panel system here in question.

14. Averment 14 of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not promote, marketed, distributed, installed or maintained the solar panel system here in question. It is also asserted that Sunnova Energy owned solar panel systems in Puerto Rico that were designed, manufactures and installed by independent contractors.

15. Averment 15 of the Complaint is denied.

16. Averment 16 of the Complaint is denied as drafted. It is affirmatively alleged that Sunnova Energy has conducted business in Puerto Rico.

17. Averment 17 of the Complaint is denied. It is affirmatively alleged that, even tough Sunnova Energy has advertised in Puerto Rico, it has not made material misrepresentations or omissions and has not breached warranties. Moreover, it is affirmatively asserted that, to the best of our knowledge, Sunnova Energy did not owe warranty obligations to any of the Plaintiffs.

18. Averment 18 of the Complaint is denied as drafted. It is affirmatively asserted that Sunnova Energy owned solar panel systems in Puerto Rico that were designed, manufactures and installed by independent contractors.

19. Averment 19 of the Complaint is denied.

20. Averment 20 of the Complaint is denied.

21. Averment 21 of the Complaint is denied. It is affirmatively alleged that, even though Sunnova Energy has advertised in Puerto Rico, it has not made material misrepresentations or omissions and has not breached warranties. Moreover, it is affirmatively asserted that, to the best of our knowledge, Sunnova Energy did not owe warranty obligations to any of the Plaintiffs.

22. Averment 22 of the Complaint is denied as drafted. It is affirmatively asserted that Sunnova Energy has entered into contracts with home-owners for purposes of energy generation. It is also affirmatively asserted that Sunnova Energy did not promote, marketed, distributed, installed or maintained the solar panel system here in question.

23. Averment 23 of the Complaint is denied as drafted. It is affirmatively asserted that Sunnova Energy used several contract formats, including the one mentioned in this averment.

24. Averment 24 of the Complaint is denied. It is affirmatively asserted that independent contractors designed, manufactured and installed a solar panel system in Mr. Carlos Mauras house.

25. Averment 25 of the Complaint is denied as drafted. It is affirmatively asserted that there is a Solar Power Purchase Agreement signed by Sunnova and Carlos Mauras that is identified with as the "Contract ID: DF001054878".

26. Averment 26 of the Complaint does not require a response from appearing parties inasmuch as it is directed to unknown defendants.  Alternatively, it is denied.

27. Averment 27 of the Complaint does not require a response from appearing parties inasmuch as it is directed to unknown defendants.  Alternatively, it is denied.

## IV.  <u>FACTUAL BACKGROUND</u>

28. Averment 28 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity. It is affirmatively asserted that Sunnova Energy owned solar panel systems in Puerto Rico that were designed, manufactured and installed by independent contractors.

29. Averment 29 of the Complaint is denied. It is affirmatively asserted that independent contractors designed, manufactured and installed a solar panel system in Mr. Carlos Mauras house.

30. Averment 30 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

31. Averment 31 of the Complaint is denied. It is affirmatively asserted that Sunnova Energy had contractual obligations that, under certain circumstances, required providing maintenance to solar power systems.

32. Averment 32 of the Complaint is denied.

33. Averment 33 of the Complaint is denied.

34. Averment 34 of the Complaint is denied.

35. Averment 35 of the Complaint is denied as drafted. It is affirmatively asserted that that Hurricane Harvey did damage to the state of Texas.

36. Averment 36 of the Complain is denied as drafted. It is affirmatively asserted that Hurricane Irma hit Puerto Rico on September 2017.

37. Averment 37 of the Complaint is denied as drafted. It is affirmatively asserted that Hurricane María hit Puerto Rico on September 2017.

38. Averment 38 of the Complaint is denied.

39. Averment 39 of the Complaint is denied.

40. Averment 40 of the Complaint is denied.

41. Averment 41 of the Complaint is denied.

42. Averment 42 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

43. Averment 43 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

44. Averment 44 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

45. Averment 45 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

46. Averment 46 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

47. Averment 47 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

48. Averment 48 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

49. Averment 49 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

50. Averment 50 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

51. Averment 51 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

52. Averment 52 of the Complaint is denied as drafted. It is affirmatively asserted that Mr. Carlos Mauras had installed in the roof-top of his house a solar panel system. If the allegations in the Complaint are true regarding the solar panel being thrown or falling from the house were Mr. Mauras dwelled, then pursuant to Article 1810 of the Puerto Rico Civil Code he is directly responsible to the Plaintiffs for damages caused by said object.

53. Averment 53 of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not design, manufacture, install or maintained the solar panel system here in question.

54. Averment 54 of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not design, manufacture, install or maintain the solar panel system here in question.

55. Averment 55 of the Complaint is denied.

56. Averment 56 of the Complaint is denied.

57. Averment 57 of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

58. Averment 58 of the Complaint is denied.

59. Averment 59 of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not designed, manufactured, installed or assembled the solar panel system here in question.

## V. <u>FIRST CAUSE OF ACTION – STRICT LIABILITY</u>

60. Averment 2 [number 1 was omitted] of this section of the Complaint does not require an affirmatively response from appearing defendant as it incorporates other averments that have already been answered. Alternatively, it is denied.

61. Averment 3 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted or installed the solar panel system here in question.

62. Averment 4 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted or installed the solar panel system here in question.

63. Averment 5 of this section of the Complaint is denied.

64. Averment 6 of this section of the Complaint is denied.

65. Averment 7 of this section of the Complaint is denied.

66. Averment 8 of this section of the Complaint is denied.

## VI. SECOND CAUSE OF ACTION – DANGEROUS CONDITION

67. Averment 9 of this section of the Complaint does not require an affirmatively response from appearing defendant as it incorporates other averments that have already been answered. Alternatively, it is denied.

68. Averment 10 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted or installed the solar paneled system here in question.

69. Averment 11 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted or installed the solar paneled system here in question.

70. Averment 12 of this section of the Complaint is denied.

71. Averment 13 of this section of the Complaint is denied.

72. Averment 14 of this section of the Complaint is denied.

73. Averment 15 of this section of the Complaint is denied.

74. Averment 16 of this section of the Complaint is denied.

## VII. <u>THIRD CAUSE OF ACTION – DEFECTIVE CONDITION</u>

75. Averment 17 of this section of the Complaint does not require an affirmatively response from appearing defendant as it incorporates other averments that have already been answered. Alternatively, it is denied.

76. Averment 18 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactures, inspected, labeled, distributed, marketed, promoted or installed the solar panel system here in question.

77. Averment 19 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactures, inspected, labeled, distributed, marketed, promoted or installed the solar panel system here in question.

78. Averment 20 of this section of the Complaint is denied.

79. Averment 21 of this section of the Complaint is denied.

80. Averment 22 of this section of the Complaint is denied.

81. Averment 23 of this section of the Complaint is denied.

82. Averment 24 of this section of the Complaint is denied.

## VIII. <u>FOURTH CAUSE OF ACTION – TORT CLAIM</u>

83. Averment 25 of this section of the Complaint does not require an affirmatively response from appearing defendant as it incorporates other averments that have already been answered. Alternatively, it is denied.

84. Averment 26 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy became owner of the solar panel system here in question after it was already designed, manufactured and installed. Sunnova Energy acted at all time like a reasonably prudent person would regarding the solar panel system and did not incur in negligence or fault.

85. Averment 27 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy became owner of the solar panel system here in question after it was already designed, manufactured and installed. Sunnova Energy acted at all time like a reasonably prudent person would regarding the solar panel system and did not incur in negligence or fault.

86. Averment 28 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy became owner of the solar panel system here in question after it was already designed, manufactured and installed. Sunnova Energy acted at all time like a reasonably prudent person would regarding the solar panel system and did not incur in negligence or fault.

87. Averment 29 of this section of the Complaint is Denied.

88. Averment 30 of this section of the Complaint is Denied.

89. Averment 31 of this section of the Complaint is Denied.

90. Averment 32 of this section of the Complaint is Denied.

91. Averment 33 of this section of the Complaint is Denied.

## IX. <u>FIFTH CAUSE OF ACTION – FAILURE TO WARN</u>

92. Averment 34 of this section of the Complaint does not require an affirmatively response from appearing defendant as it incorporates other averments that have already been answered. Alternatively, it is denied.

93. Averment 35 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted or installed the solar panel system here in question.

94. Averment 36 of this section of the Complaint is denied.

95. Averment 37 of this section of the Complaint is denied.

96. Averment 38 of this section of the Complaint is denied.

97. Averment 39 of this section of the Complaint is denied.

98. Averment 40 of this section of the Complaint is denied.

## X. <u>SIXTH CAUSE OF ACTION – WARRANTY</u>

99. Averment 41 of this section of the Complaint does not require an affirmatively response from appearing defendant as it incorporates other averments that have already been answered. Alternatively, it is denied.

100. Averment 42 of this section of the Complaint It is affirmatively asserted that Sunnova Energy did not researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted or installed the solar panel system here in question. It is also affirmatively asserted that Sunnova Energy owed no warranty to the Plaintiffs as there is no contractual relationship between them and Sunnova Energy.

101. Averment 43 of this section of the Complaint is denied.

102. Averment 44 of this section of the Complaint is denied. It is affirmatively asserted that Sunnova Energy owed no warranty to the Plaintiffs as there is no contractual relationship

between them and Sunnova Energy. Furthermore, it is also alleged that Sunnova Energy did not breach any warranty regarding the solar panel system here in question.

103. Averment 45 of this section of the Complaint is denied.

## XI. <u>PLAINTIFF'S DAMAGES</u>

**A.   <u>Ashley White's damages</u>**

104. Averment 46 of this section of the Complaint is denied as to the allegation of negligence and fault from Sunnova Energy. As to the damages suffered by plaintiff Ashley White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity

105. Averment 47 of this section of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

106. Averment 48 of this section of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

107. Averment 49 of this section of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

108. Averment 50 of this section of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

109. Averment 51 of this section of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

110. Averment 52 of this section of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

111. Averment 53 of this section of the Complaint is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

112. Averment 54 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff Ashley White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

113. Averment 55 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff Ashley White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

114. Averment 56 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff Ashley White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

115. Averment 57 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff Ashley White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

116. Averment 58 of this section of the Complaint is denied.

117. Averment 59 of this section of the Complaint is denied.

118. Averment 60 of this section of the Complaint is denied.

119. Averment 61 of this section of the Complaint is denied.

120. Averment 62 of this section of the Complaint is denied.

**B.  Michele White's Damages**

121. Averment 63 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff Michele White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

121. Averment 64 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff Michele White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

122. Averment 65 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff Michele White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

123. Averment 66 of this section of the Complaint is denied.

124. Averment 67 of this section of the Complaint is denied.

**C.  William White's Damages**

125. Averment 68 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff William White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

126. Averment 69 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff William White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

127. Averment 70 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by plaintiff William White it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

128. Averment 71 of this section of the Complaint is denied.

129. Averment 72 of this section of the Complaint is denied.

**D.  Conjugal Partnership Damages**

130. Averment 73 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by the Conjugal Partnership it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

131. Averment 74 of this section of the Complaint is denied as to allegations of negligence or fault from Sunnova Energy. As to damages suffered by the Conjugal Partnership it is denied for lack of sufficient knowledge or information to form a good faith belief as to its veracity.

132. Averment 75 of this section of the Complaint is denied.

133. Averment 76 of this section of the Complaint is denied.

134. Averment 77 of this section of the Complaint is denied.

## XII. TEMERITY

135. Averment 78 of this section of the Complaint does not require an affirmatively response from appearing defendant as it incorporates other averments that have already been answered. Alternatively, it is denied.

136. Averment 79 of this section of the Complaint is denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a plausible claim upon which relief may be granted.

2. This Honorable Court lacks personal/subject matter jurisdiction to entertain the present action.

3. Sunnova Energy did not design, manufacture or install the solar panel system here in question.

4. The solar panel system was designed, manufactured and installed by an independent contractor for whose actions Sunnova Energy is not responsible or liable.

5.      Independent Contractor doctrine precludes liability from Sunnova Energy in the present case.

6.      Sunnova Energy, in its contractual relationship with the independent contractor, took special safety measures and included them in the contract to prevent foreseeable risks.

7.      A solar panel system is not an inherently dangerous product.

8.      The damages alleged in the complaint were caused by a fortuitous case or force major.

9.      Hurricane María was an act of God.

10.     Sunnova Energy acted at all time as a reasonably prudent person would and did not incur in negligence or fault.

11.     Even though Sunnova Energy did not design, manufacture or install the solar panel system here in question, the solar panel system was properly installed.

12.     The solar panel system was not a defective product and did not have a defective condition.

13.     The solar panel system was reasonably safe and not dangerous.

14.     The solar panel system complied with professional standards and with Puerto Rico construction guidelines.

15.     Sunnova Energy was not part of the chain of distribution regarding the solar panel that allegedly caused the damages stated in the complaint, therefore, strict liability does not apply to appearing defendant.

16.     Sunnova Energy did not owe warranty obligations to Plaintiffs as they had no contractual relationship. Even so, Sunnova Energy did not breach any warranty.

17.     If the allegations in the Complaint are true regarding the solar panel being thrown or falling from the house were Mr. Mauras dwelled, then pursuant to Article 1810 of the Puerto Rico Civil Code he is directly responsible to the Plaintiffs for damages caused by said object.

18.   There is no causal relationship between the damages and the acts or omissions alleged against appearing defendant.

19.   Plaintiffs assumed the risk and/or their negligence contributed to the damages asserted and their claims are, therefore, precluded.

20.   The damages alleged in the complaint could have been caused or aggravated by the negligence of third persons for whom the appearing party is not  liable.

21.   The damages claimed in the complaint are unrealistic and do not conform to the reality of the damages suffered by plaintiff.

22.   Plaintiff did not mitigate damages.

23.   Damages were caused by intervening cause for which appearing defendant has no control and/or liability.

24.   The complaint fails to join an indispensable party.

25.   Sunnova Energy is not responsible for the damages alleged in the complaint.

26.   All claims asserted in the complaint are time barred by the applicable statute  of limitations and/or the doctrine of laches.

27.   The assumption of risk doctrine precludes plaintiff's claims.

28.   The damages alleged in the complaint were caused exclusively by plaintiff.

29.   Plaintiffs' claims are barred by the doctrine of waiver and/or estoppel and/or unclean hands.

30.   All claims asserted in the complaint are barred/precluded by the doctrine of  collateral estoppel and/or res judicata and/or issue preclusion and/or claim preclusion.

31.   Plaintiff waived their right to this cause of action.

32.   Plaintiff's alleged damages are, at least partially, due to preexistent medical conditions.

33.    Plaintiff's negligence is so high that it absorbs any negligence attributed to codefendants.

34.    Comparative negligence.

35.    Sunnova Energy reserves the right to amend the above mentioned affirmative defenses and to raise any special defenses that may arise as a consequence of discovery.

**WHEREFORE**, defendant Sunnova Energy prays from the Honorable Court to take notice of the foregoing, DENY plaintiff's complaint with an order dismissing with prejudice all their claims and taxing costs and attorney's fees, with any other relief deem just and proper under the law.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 8th day of April, 2019.

**IT IS HEREBY CERTIFIED** that, on this same date, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**ANDREU & SAGARDIA**
261 Domenech Avenue
San Juan, PR 00918
Phone (787) 754-1777
Fax (787) 763-8045
jlr@andreu-sagardia.com


*s*/José J. Lamas-Rivera
José J. Lamas-Rivera
USDC-PR 306210