### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ASHLEY PAIGE WHITE, et al.<br><br>Plaintiffs<br><br>vs.<br><br>SUNNOVA ENERGY CORP, et al.<br><br>Defendants | **CIVIL NO.** 18-1068 (ADC) |

### REPLY TO RESPONSE IN OPPOSITION TO
### CONSOLIDATION AT DOCKET NO. 48

**TO THE HONORABLE COURT:**

  **COMES NOW** codefendant, **Sunnova Energy Corporation** (hereinafter: Sunnova Energy), through its undersigned attorneys, and very respectfully STATES and PRAYS:

  1. On May 10th, 2019, appearing codefendant Sunnova Energy filed a *Consolidated Motion and Brief to Consolidate cases Pursuant to Rule 42(A) of the Federal Rules of Civil Procedure*. **See Docket No. 43**.

  2. As stated in our motion for consolidation, Plaintiffs filed the Complaint of caption on February 7th, 2018, against Sunnova Energy, where they pleaded that on September 20th, 2017, a solar panel that was supposedly designed, manufactured, installed and owned by Sunnova Energy flew from the roof-top of a neighbor, went through one of their home windows and sliced open plaintiff Ashley White's neck. **See ¶42 at Docket No. 1**.

  3. Subsequently, the same Plaintiffs of caption filed a second Complaint (the *White v. Maximo* case) on November 29th, 2018, against other defendants including Maximo Solar Industries. **See Exhibit No. 1**. In said Complaint, Plaintiffs pleaded that on September 20th, 2017, a solar panel that was supposedly designed, manufactured, installed and owned by Maximo Solar

1

flew from the roof-top of a neighbor, went through one of their home windows and sliced open plaintiff Ashley White's neck. **See ¶62 at Exhibit No. 1**. This is, the same factual allegation brought against Sunnova Energy in the present case.

4. Given the fact that both cases where presented by the same group of Plaintiffs pleading the same set of facts, predicated on the exact same causes of actions and asking for the same relief, but directed at different defendants, we respectfully moved this Honorable Court to consolidate them. This inasmuch as they involve the same questions of fact and law.

5. Moreover, consolidation offers efficiency and convenience in this case, particularly during discovery period as the evidence and witnesses for both cases are the same. Even Plaintiff who has filed *Response in Opposition to Consolidation*, **See Docket No. 48**, through their actions show that they agree with and validate Sunnova Energy's argument for consolidation. For example, Plaintiffs recently served Maximo Solar with a *Subpoena to Testify at Deposition*, **See Exhibit 1**, under the captioned case of the Sunnova Energy case. What is more, they included an attachment to the Subpoena as to the topics that will be subject to the deposition and all of them include elements that are present in the Maximo Solar Complaint.

6. On the one hand, Plaintiffs argue that these cases should not be consolidated because they have not started discovery in the Maximo Solar case, while on the other hand they are blatantly using the Sunnova Energy case to conduct discovery against Maximo Solar. The fact that Plaintiffs are pursuing discovery against Maximo Solar directly is *prima facie* evidence that both cases should be tried together.

7. Most importantly, Plaintiff's only argument to oppose consolidation is that there would be a delay due to the different stages in litigation. However, this position fails to consider

that federal courts have stated that the fact that cases are at different stages litigation does not bar consolidation. *United States v. City of Chicago*, 385 F. Supp. 540, 543 (N.D. Ill. 1974).

8. In *Cedars-Sinai Medical Center v. Revlon, Inc.*, (1986, DC Del) 111 FRD 24, 231 USPQ 722, 5 FR Serv 3d 681, for example, the Court held that consolidation under Rule 42(a) of two actions by the same plaintiff, alleging infringement of closely related patents involving a method of eliminating certain microorganisms from a lyophilized, or "freeze-dried," blood clotting agent by heat treating the clotting factor would not delay the proceedings. The court noted that discovery in the first patent infringement case was not far advanced and that in both cases the inventor of both patents had yet to be fully deposed. In fact, the court stated, discovery was proceeding in tandem because of consolidation by the court of discovery in both cases. Thus, the court said, there was no inherent delay that would arise in granting a motion to consolidate the two patent actions for a joint trial under Rule 42(a). The same principle applies in the present case. In the Sunnova Energy case only written discovery has been conducted. No party has yet been deposed.

9. A court has broad discretion in determining whether consolidation is practical. *Atlantic States Legal Foundation Inc. v. Koch Refining Co.*, 681 F. Supp. 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). See also, Kramer v. Boeing Co., 134 F.R.D. 256 (D. Minn. 1991).

10. Consolidation of the Sunnova and Maximo cases will result in one trial which will bind all parties that are involved in this incident. This will save time and avoid unnecessary costs for plaintiffs and defendants. It will save time, money and resources as to discovery of witnesses

who would otherwise be required to testify in both cases. Finally, consolidation would better utilize this Court's resources.

11    For these reasons, we respectfully move this Honorable Court to consolidate the *White v. Maximo* case with the case of caption.

**WHEREFORE**, it is respectfully requested that the Honorable Court consolidate the case *White v. Maximo*, No. 18-1913 (Dist. PR. filed November 29th, 2018) with the case of caption.

**RESPECTFULLY SUBMITTED**, in San Juan, P.R., this 13th day of August, 2019.

**IT IS HEREBY CERTIFIED** that, on this same date, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**ANDREU & SAGARDIA**
261 Domenech Avenue
San Juan, PR 00918
Phone (787) 754-1777
Fax (787) 763-8045

*s*/José J. Lamas-Rivera
José J. Lamas-Rivera
USDC-PR 306210
jlr@andreu-sagardia.com